IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No.  11-cr-00431-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  QUINCY DUPRE DRAKE,

      Defendant.

---

## ORDER FOR COMPETENCY EXAMINATION AND DETERMINATION

---

This matter is before me for consideration of the Motion to Determine

Competency by Evaluation filed October 29, 2012, by counsel for the defendant.  The

government has not objected to the motion.

I may order a competency hearing "if there is reasonable cause to believe that

the defendant may presently be suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense."  18

U.S.C. § 4241(a).  "The Constitution forbids the trial of a defendant who lacks mental

competency."  *See Dusky v. United States*, 362 U.S. 402 (1960).  The test for

competency to stand trial asks whether a defendant "has sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding-and whether

he has a rational as well as factual understanding of the proceedings against him."

*United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted);

*see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). *Accord, United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009).

Based on the averments stated in the motion, I find and conclude that such reasonable cause exists under 18 U.S.C. § 4241(a).

**THEREFORE, IT IS ORDERED** as follows:

1.      That the Motion To Determine Competency of the Defendant filed by counsel for the defendant (ECF No. 38) is **GRANTED**;

2.      That pursuant to 18 U.S.C. § 4241(a), a hearing to determine the competency of the defendant shall be conducted, if and when necessary, by the Court;

3.      That pursuant to 18 U.S.C. § 4241(c), any potential competency hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d);

4.      That prior to any potential competency hearing, the defendant shall be committed to the custody of the Attorney General for a psychiatric or psychological evaluation.  Pursuant to 18 U.S.C. § 4247(b), "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court," which, in this case, would be the facility known as the "Federal Detention Center-Englewood" (FDC-Englewood), located at 9595 W. Quincy Avenue, Littleton, Colorado, 80123.  Unless impracticable, the examination shall be conducted by Karen Fukutaki, M.D.  Counsel for the defendant shall provide a copy of this Order to Dr. Fukutaki.

5.      That the defendant shall be committed to the custody of the Attorney

General for a period not to exceed thirty (30) days from the date of this Order, unless an

extension is requested and granted pursuant to 18 U.S.C. § 4247(b);

6.      That the licensed or certified psychiatrist or psychologist conducting the

psychiatric or psychological examination shall be granted reasonable access to the

defendant to facilitate the psychiatric or psychological examination and to implement the

orders of this court;

7.      That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion

of the psychiatric or psychological examination of the defendant, a psychiatric or

psychological report shall be prepared by the licensed or certified psychiatrist or

psychologist and shall be filed with the court, with copies to counsel for the government

and the defendant;

8.      That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4), the

psychiatric or psychological report shall include the following:

        a.      The defendant's history and present symptoms;

        b.      A description of the psychiatric, psychological, and medical tests
                that were employed and their results;

        c.      The examiner's findings;

        d.      The examiner's opinions as to the diagnosis and prognosis; and

        e.      The examiner's opinion about whether the person is suffering from
                a mental disease or defect rendering him mentally incompetent to
                the extent that he is unable to understand the nature and
                consequences of the proceedings against him or to assist properly
                in his defense;

9.      That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

10.     That all currently scheduled dates in this matter are vacated pending further order;

11.     That upon receipt of the psychiatric or psychological examination, counsel for the parties shall contact chambers to set a status hearing.

Dated:  October 30, 2012.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE